# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4088 | **DATE** | 3/17/2004 |
| **CASE TITLE** | Charles Jackson vs. City of Joliet | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held and continued to 10/28/04 at 9:00 a.m. All discovery is to be noticed in time to be completed by 08/20/04. Dispositive motions with supporting memoranda are to be filed by 09/20/04. Responses to the dispositive motions, if any, are to be filed by 10/04/04. Replies, if any, are to be filed by 10/12/04. For the reasons stated on the attached memorandum opinion, the Court hereby grants in part and denies in part defendants' motion to dismiss counts I, II, III, IV and V of plaintiff's complaint pursuant to Rule 12(B)(6) as follows: Defendants' motion to dismiss Counts I, III and IV against the city is granted. Defendants' motion to dismiss Counts II and IV against defendant Gavin and O'Dekirk are denied. Furthermore, defendants' motion to dismiss Count V is denied. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 18 2004 date docketed | |
| ✓ | Docketing to mail notices. Memorandum Opinion distributed in open Court. | | | 08 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MW | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES JACKSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 03 C 4088 |
| CITY OF JOLIET, DARRELL GAVIN, ROBERT ODERKIRK, | ) ) ) ) | DOCKETED MAR 1 8 2004 |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants City of Joliet's ("the City"), Darrell Gavin's ("Gavin") and Robert O'Dekirk's ("O'Dekirk") motion to dismiss. For the reasons stated below we grant the motion in part and deny the motion in part.

## BACKGROUND

In the evening hours of June 18, 2001 Plaintiff Charles R. Jackson, ("Jackson") was exiting his vehicle outside his home, when he was approached by police officers Gavin and O'Dekirk. Gavin requested Jackson's driver's license and insurance card, which Gavin reviewed and returned to Jackson. At that point an altercation apparently occurred. Jackson alleges that, during the altercation, Gavin

1



and O'Dekirk attempted to search the inside of Jackson's mouth. According to Jackson, the officers put Jackson on the ground, where he was subdued and handcuffed. Jackson was then taken to the City's police station and charged with aggravated battery. Jackson claims that later that evening the City Police Department took Jackson to the Silver Cross City Hospital for a check-up, where Jackson was diagnosed with contusions to his left knee, left thumb, and head. Jackson also alleges that the emergency room physician also diagnosed Jackson with intra-oral wounds that had to be closed with stitches. On June 16, 2003 Jackson filed a five-count *pro se* complaint against the City, Gavin, and O'Dekirk, alleging violation of his civil rights pursuant to 42 U.S.C. § 1983 ("Section 1983")(Counts I and II), 18 U.S.C. § 241 (Count III), 42 U.S.C. § 1985(3) (Count IV), and a state common law negligence claim (Count V).

## LEGAL STANDARD

In ruling on a motion to dismiss, the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). Under the principle of notice pleading, espoused by the Federal Rules of Civil Procedure, a complaint need only state "a short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint should not be dismissed as long as plaintiff's allegations put the defendant on fair notice as to the nature and grounds of the claim. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Plaintiffs can plead conclusions. *McCormick v. City of Chicago* 230 F.3d 319, 324 (7th Cir. 2000). A claim should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46. Additionally, "*pro se* complaints are to be liberally construed and not held to the stringent standards expected of pleadings drafted by lawyers."*McCormick*, 230 F.3d at 325.

## DISCUSSION

### I. Section 1983 Municipal Liability

Count I of Jackson's complaint alleges a Section 1983 violation solely against the City. The doctrine of *respondeat superior* cannot be utilized to hold local governmental units liable for Section 1983 violations. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). A municipal governmental unit cannot be held liable under Section 1983 "unless the deprivation of constitutional rights is caused by a municipal policy or custom." *Kujawski v. Board of Comm'rs. Of Bartholomew County, Indiana*, 183 F.3d 734, 737 (7th Cir. 1999). A local

3

governmental unit's unconstitutional policy, practice or custom can be: "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice, that, although unauthorized, is so permanent and well-settled that it constitutes a "custom or usage" with the force of law; or (3) an allegation that a person with final policymaking authority caused the injury." *Chortek v. City of Milwaukee*, 356 F.3d 740, 748 (7th Cir. 2004).

Jackson chose to argue the second of the three approaches. Jackson's complaint states that the City was the "moving force" behind the police officers' actions. Defendants argue that Jackson has failed to allege facts that prove the existence of municipal policy, or the necessary causal link between the municipal policy and the resulting injury, as required by *Monell v. Department of Social Services*, 436 U.S. 658, 665 (1978).

While a Plaintiff need only allege the operative facts and a plaintiff can plead conclusions, a Plaintiff must do more than recite legal rules of law to state a proper Section 1983 claim against a municipal entity. None of the first thirty-one facts listed in the complaint indicate that the officers were acting according to a municipal custom or policy. The only mention of policy or custom was in the section of the complaint focusing on Count I which states the City was the "moving force" behind the officers' conduct and that the officers' conduct was in accordance with a " municipal policy, custom and/or practice so permanent and well settled as to constitute the force of law." This general description is simply a recitation of case

4

law. *See ie. Latuszkin v. City of Chicago*, 250 F.3d 502, 505 (7ʰ Cir. 2001)(stating that a municipality may only be liable where is it the "moving force behind the injury . . . ."); *McCormick*, 230 F.3d at 324(stating that a policy can be an "express municipal policy [that ] is so permanent and well settled as to constitute a custom or usage within the force of law. . . .").

This legal jargon is insufficient to state a Section 1983 municipal liability claim and it fails to offer even the minimal notice required by a plaintiff. *See Perkins*, 939 F.2d at 466(stating that plaintiffs "may not avoid dismissal, however, simply by attaching bare legal conclusions to narrated facts which fail to outline the bases of their claims."). There is no indication by Jackson as to what alleged policy, custom, or practice the defendant officers were acting under or even if it was a City custom, a City policy, or a City practice that is responsible for the officers' actions. Nor is there any indication as to the causal connection between the alleged policy and the officers' actions.

We recognize that in *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit* the Supreme Court held that the courts may not apply a heightened pleading standard in civil rights actions alleging municipal liability. 507 U.S. 163, 164 (1993). However, *Leatherman* still requires plaintiffs to satisfy the notice pleading standard which Jackson has failed to do in the instant case.

We also acknowledge that in *Sledd v. Lindsay* the Seventh Circuit also reversed a district court's dismissal of a Section 1983 municipal liability claim

5

because the district court "jumped the gun" in dismissing the claim. 102 F.3d 282, 289 (7th Cir. 1996). However, in that case the defendant alleged specific facts that implicated a city policy or custom such as that the police maintained a code of silence and that disciplinary complaints rarely resulted in official censure. *Id.* The court held that the district court "jumped the gun, *given the detailed allegations [the plaintiff] included.*" *Id.*(emphasis added). As indicated above Jackson has failed to provide such minimal detail to support his municipal liability claim.

In *Perkins v. Silverstein*, which was a wrongful discharge case, the Seventh Circuit stated that in order to support a Section 1983 municipal liability claim "the plaintiffs must allege facts, which if true, would show that the defendants acted pursuant to a municipal policy or custom when they discharged the plaintiffs . . . ." 939 F.2d 463, 469 (7th Cir. 1991). In the instant case Jackson simply offers legal conclusions and legal jargon regarding the alleged policy, custom, or practice but there are no facts alleged in the complaint "which if true, would show that the defendants acted pursuant to a municipal policy or custom. . . ." *Id.* Therefore, we grant the motion to dismiss Count I.

## II. Section 1983 Conspiracy

Defendants have moved to dismiss the Section 1983 conspiracy claim brought against Gavin and O'Dekirk in Count II. The Seventh Circuit has stated that in regards to a Section 1983 civil conspiracy claim "it is enough in pleading a

conspiracy merely to indicate the parties, general purpose, and approximate date, so that the defendant has notice of what he is charged with." *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). Jackson has done so. He alleges that Gavin and O'Dekirk pulled him over on June 18, 2001. He alleges that the two conspired to falsely arrest Jackson and subject him to the alleged physical and mental abuse. We are not ruling on the merit of Jackson's allegations at this juncture. However, Jackson has the liberal pleading requirements for a civil conspiracy claim as set forth by the Seventh Circuit. Therefore the motion to dismiss the conspiracy claim in Count II is denied.

### III. Conspiracy Under 18 U.S.C. § 241

Defendants have moved to dismiss the conspiracy claim brought under 18 U.S.C. § 241 against Gavin and O'Dekirk in Count III. Jackson alleges that Gavin and O'Dekirk participated in a conspiracy to "intimidate, oppress, physically injure and maliciously prosecute" him.

As Defendants point out, Jackson is seeking private relief under a federal criminal statute. It is a well-settled law that no private cause of action arises from 18 U.S.C. § 241. *Pawelek v. Paramount Studios Corp.*, 571 F. Supp. 1082, 1083 (N.D. Ill. 1983); *States v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998) (holding that "there is no private right of action under § 241"). Because the federal criminal statute on which Plaintiff bases his claim does not provide for a private cause of action, Count

III of Plaintiff's complaint is hereby dismissed.

### IV. Conspiracy Under 42 U.S.C. § 1985(3)

Defendants have moved to dismiss the conspiracy claim brought under 42 U.S.C. § 1985(3) against Gavin and O'Dekirk in Count IV. Jackson alleges that defendants City, Gavin, and O'Dekirk have conspired against him and other African-Americans living in the City in violation of § 1985(3). Plaintiff claims depravation of rights protected by the First, Fourth, and Fourteenth Amendments of the United States Constitution. In their motion to dismiss, Defendants argue that Plaintiff has failed to allege any specific facts to support the four elements of conspiracy as required under *United Bhd. of Carpenters and Joinders of America, Local 610 v. Scott*, 463 U.S. 825, 828-29 (1983).

However, under the federal notice pleading standard a plaintiff is not required to plead facts necessary to support each element of a cause of action. *Walker*, 288 F.3d at 1007. *See also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc*, 40 F.3d 247, 251 (7th Cir. 1994)(indicating that under current notice pleading standard in federal courts a plaintiff "need to plead facts that, if true, establish each element of a 'cause of action,'" that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint," and that "[m]atching facts against legal elements comes later"). As stated above, it was recently reaffirmed in the Seventh Circuit that "it is enough in pleading a conspiracy

merely to indicate the parties, general purpose, and approximate date, so that the defendant has notice of what he is charged with." *Walker*, 288 F.3d at 1007. *See also Leatherman*, 507 U.S. at 164 (indicating that there is not a hieghtened pleading standard). Jackson has sufficiently met all the requirements set by *Walker*. He has clearly indicated the parties of the alleged conspiracy to be Gavin, and O'Dekirk, the date, and the alleged purpose.

Defendants assert that Jackson is required to allege: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Bowman v. City of Franklin*, 980 F.2d 1104, 1109 (7th Cir. 1992). Even if this standard applied to Jackson, he has met this burden. He alleges a conspiracy to further the constitutional violations and alleges that he was injured by the alleged conduct in furtherance of the conspiracy. Therefore, Defendants' motion to dismiss as to Count IV against Gavin and O'Dekirk is hereby denied. We note that Count IV is also brought against the City. However, Jackson has not even met the minimum pleading requirements regarding the City's alleged involvement in the conspiracy and therefore we grant the motion to dismiss Count IV against the City.

## V. Negligence Claim

Jackson is also seeking to establish defendants Gavin's and O'Dekirk's liability in tort for the June 18, 2001 encounter and subsequent arrest. The legal theory upon which Jackson relies is unclear. Defendants urge that Count V entitled "Negligence" is controlled by the Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/1-101,*et seq.* We agree. Defendants insist that the tort claim should be dismissed because Gavin and O'Dekirk cannot be held liable for "ordinary negligence in the execution and enforcement of laws." Def. Ans., at 6. The relevant statute states that "[a] public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." 745 ILCS 10/2-202. Thus, in order for Gavin and O'Dekirk to be liable, they must have acted "willfully or wantonly" to create liability. The statutory definition for willful and wanton conduct is "a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property." 745 ILCS 10/1-210. Jackson alleges conduct that if proven could be considered willful and wanton conduct. He even specifically alleges several times that Defendants' conduct was willful and wanton. Accepting his allegations as true, and making all reasonable inferences in his favor, Jackson has met the pleading requirements. Again we are not ruling on the merits of Jackson's allegations at this juncture and merely hold that a dismissal is inappropriate.

Therefore, we deny Defendants' motion to dismiss Count V.

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' motion to dismiss Counts I, III, and Count IV against the City. We deny Defendants' motion to dismiss Count II and Count IV against Gavin and O'Dekirk. We also deny Defendants' motion to dismiss Count V.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 17, 2004