# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHARLES R. JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 03 C 4088 |
| | ) |
| CITY OF JOLIET, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on the Defendant City of Joliet's ("the City"), Darrell Gavin's ("Gavin") and Robert O'Dekirk's ("O'Dekirk") motion to dismiss. For the reasons stated below, we grant in part and deny in part Defendants' motion to dismiss.

## BACKGROUND

Plaintiff Charles R. Jackson ("Jackson") alleges that in the evening of June 18, 2001, he was exiting his vehicle outside his home, when he was approached by Officers Gavin and O'Dekirk. Jackson claims that the Defendant Officers asked to see Jackson's driver's license and insurance card and Jackson produced them for the

Defendant Officers' inspection. According to Jackson, after his driver's license and insurance card were returned to him, he began walking towards his residence and Gavin asked Jackson if he had something in his mouth. Jackson alleges that he answered that he did not have anything in his mouth. Jackson claims that, at that point, Gavin grabbed Jackson by the throat and, with the assistance of O'Dekirk, was able to force Jackson's mouth open. O'Dekirk then allegedly slammed Jackson down on the street and told him to place his hands behind his back to be handcuffed. Jackson claims that he was handcuffed while Gavin searched Jackson's mouth. In addition, Jackson claims that Gavin and O'Dekirk had Jackson's car towed. Jackson claims that his car was towed away and impounded even though it was legally parked. Jackson claims that, as a result of the alleged conduct of Gavin and O'Dekirk searching Jackson's mouth, slamming him down on the street, and placing the handcuffs on his wrists too tightly, Jackson suffered severe injuries to his mouth, jaw, face, wrists, knee ligaments, and back.

Jackson was arrested by the Defendant Officers and taken to the police station. Jackson claims that while he was being held at the police station, personnel at the station summoned an ambulance to transport Jackson to the hospital to address his alleged injuries resulting from the arrest. Jackson claims that he subsequently required corrective dental surgery to address the injuries to his mouth. Jackson also alleges that after the arrest Gavin and O'Dekirk conspired to prepare a false police

report that indicated that Jackson had resisted arrest and committed a battery on the officers. Jackson further alleges that O'Dekirk prepared a false injury report that stated that Jackson had bitten O'Dekirk on the right thumb. Jackson claims that on June 20, 2001 a criminal complaint was filed against Jackson for aggravated battery on Gavin and O'Dekirk. Jackson was apparently on probation at the time because he alleges in his amended complaint that on August 31, 2001, the Will County State's Attorney's Office filed a petition to revoke Jackson's probation based upon the criminal charges brought against Jackson. Jackson claims that on June 20, 2003, the Will County judge addressing the petition to revoke his probation denied the petition and the Will County State's Attorney's Office *nolle pros* the aggravated battery charge.

On January 20, 2005 Jackson filed a nine-count *pro se* amended complaint which includes claims alleging violations of his civil rights pursuant to 42 U.S.C. § 1983 ("Section 1983") (Counts I, II, III, and IV), a claim alleging a violation of 42 U.S.C. § 1985(3)("Section 1985") (Count V), and several state common law claims (Counts VI, VII,VII, and IX).

## LEGAL STANDARD

In ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff,

construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *See also Baker v. Kingsley*, 387 F.3d 649, 664 (7th Cir. 2004)(stating that although the "plaintiffs' allegations provide[d] little detail. . . [the court could not] say at [that] early stage in the litigation that plaintiffs [could] prove no set of facts in support of their claim that would entitle them to relief."). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 445-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Under current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a "cause of action. . . .'" *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that a "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later."). The plaintiff need not allege all of the facts involved in the claim and can plead

conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claim." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251. Additionally, pleadings that are filed by *pro se* litigants "are to be liberally construed and not held to the stringent standards expected of pleadings drafted by the lawyers." *McCormick v. City of Chicago* 230 F.3d 319, 325 (7th Cir. 2000).

## DISCUSSION

I. Time-Barred Claims

Defendants argue that several of Jackson's claims are time-barred. The statute of limitations period for Section 1983 claims brought in Illinois is governed by the statute of limitations for personal injury actions under Illinois law, which is a two year statute of limitations period. *Williams v. Lampe*, 399 F.3d 867, 869-70 (7th Cir. 2005). Illinois local governmental entities and employees are protected by the Illinois Local Governmental and Governmental Employees Tort Immunity Act, which provides a one year statute of limitations period for state law claims. 745

ILCS 10/8-101. Thus, the two years statute of limitations period applies to a Section 1983 claim and the one year statute of limitations period applies to any state law claims that are brought along with the Section 1983 claim. *Williams*, 399 F.3d at 870.

### A. Section 1983 Claims

Defendants argue that the Section 1983 claims are time-barred. Jackson alleges in his amended complaint that the alleged improper arrest occurred on June 18, 2001. Defendants point to the fact that Jackson did not file his amended complaint until January 20, 2005, and argue that the filing is beyond the two year limitations period. Federal Rule of Civil Procedure 15(c) allows an amended complaint to relate back to the date of the original complaint when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001)(quoting Fed. R. Civ. Pro. 15(c)(2)). Accordingly, an amended complaint that adds legal conclusions or changes the reasons for recovery will relate back to the original complaint if the factual situation remains the same as in the original complaint. *Henderson*, 253 F.3d at 931; *See also Williams v. Lampe,* 399 F.3d 867, 870 (7th Cir. 2005)(indicating that if the original complaint was not timely filed, "it cannot act as a lifeline" for

later complaints).

Defendants argue that Jackson's "arrest occurred in June 2001, but the particular claim was not filed until January 20, 2005. . . ." (Mot. 4). However, the Seventh Circuit has made it clear that plaintiffs "don't have to plead legal theories." *Higgs v. Carver*, 286 F.3d at 439. A complaint does not have to "identify a legal theory" and "[i]nstead of asking whether the complaint points to the appropriate statute, a court should ask whether relief is possible under any set of facts that could be established consistent with the allegations." *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992). Thus, Defendants are not applying the proper pleading standard when they argue that Jackson did not plead a particular claim until his amended complaint simply because the claim was specifically identified in a separate count in the amended complaint. Defendants also argue that Plaintiff did not allege excessive force or an unlawful seizure in the original complaint. Jackson's excessive force claim and the Fourth Amendment claim arise out of the same alleged misconduct that was alleged in the original complaint. The original complaint is replete with allegations of excessive force and an unlawful search. For example, Jackson alleges in his original complaint that "defendant Gavin grabbed Plaintiff around the throat and commenced to [sic] forcible finger search into Plaintiff Jackson's mouth cavity." (Compl. Par. 12). We emphasize that these are merely allegations and that Jackson will bear the burden of

producing evidence to support such allegations as these proceedings develop. The federal notice pleading standard does not require a plaintiff to specifically identify each claim and Jackson's complaint is accorded an even more liberal interpretation because he is proceeding *pro se*. *McCormick*, 230 F.3d at 325. Therefore, the amended complaint relates back to the original complaint which was filed on June 16, 2003, and the Section 1983 claims fall within the two year statute of limitations period.

### B. State Law Claims

Defendants argue that the state law claims are also time-barred. Even if we were to find that the state law claims other than the malicious prosecution claim (Count VIII), contained in the amended complaint relate back to the original complaint, the claims would be untimely. Jackson's arrest occurred in June of 2001 and the original complaint was not filed until June 16, 2003, which was well after the one year statute of limitations period.

In regards to the malicious prosecution claim (Count VIII), the statute of limitations period did not begin to run until the charges against Jackson were terminated in his favor. *Joiner v. Benton Community Bank*, 411 N.E.2d 229, 232 (Ill. 1980). According to the allegations in the amended complaint, the assault and battery charges and the petition to revoke Jackson's probation were dismissed in his

favor until June 20, 2003, after he filed the original complaint. Jackson did not thereafter file an amended complaint on January 20, 2005, which is beyond the one year statute of limitations period. Jackson's malicious prosecution claim included in his amended complaint cannot be said to relate back to his original complaint, because Jackson himself acknowledges that on June 16, 2003, the criminal action had not yet been terminated in his favor and no cause of action had accrued for malicious prosecution. *Id.* Thus, after the favorable ruling in Jackson's favor on June 20, 2003, the statute of limitations period began to run and it was incumbent upon Jackson to pursue the claim in a timely fashion which he did not do because he filed his amended complaint on January 20, 2005. Therefore, we grant Defendants' motion to dismiss the state law claims (Counts VI, VII, VIII, and IX).

## II. Section 1983 Municipal Liability Claim (Count I)

Defendants move to dismiss the municipal liability claim brought against the City (Count I). The doctrine of *respondeat superior* cannot be utilized to hold local governmental units liable for Section 1983 violations. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). A municipal governmental unit cannot be held liable under Section 1983 "unless the deprivation of constitutional rights is caused by a municipal policy or custom." *Kujawski v. Board of Comm'rs. Of Bartholomew County, Indiana*, 183 F.3d 734, 737 (7th Cir. 1999). A local

governmental unit's unconstitutional policy, practice or custom can be: "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice, that, although unauthorized, is so permanent and well-settled that it constitutes a 'custom or usage' with the force of law; or (3) an allegation that a person with final policymaking authority caused the injury." *Chortek v. City of Milwaukee,* 356 F.3d 740, 748 (7th Cir. 2004). In the instant action, Jackson alleges constitutional deprivations that stem from a single incident that included the conduct of only Gavin and O'Dekirk. There are no facts alleged in the complaint that would indicate, even under the notice pleading standard, and the liberal interpretation accorded to *pro se* pleadings, that a City policy, custom, or practice was responsible for the alleged constitutional deprivations. Therefore, we grant Defendants' motion to dismiss the municipal liability claim (Count I).

III. Excessive Force Claim (Count II)

Defendants argue that Jackson has not alleged sufficient facts to state a claim for excessive force. In determining whether an officer has used excessive force during an arrest, the court must base its analysis on a standard of objective reasonableness. *Payne v. Pauley,* 337 F.3d 767, 778 (7th Cir. 2003). Specifically, the court must look at whether "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight", the officer's actions were

objectively reasonable. *Id.* An officer's use of force is found unconstitutional if, "judging from the totality of the circumstances at the time of the arrest, the officer used greater force than was reasonably necessary to make the arrest." *Lester v. City of Chi.,* 830 F.2d 706, 713 (7th Cir. 1987). However, the court's inquiry is fact-based and requires a balancing test. *Payne,* 337 F.3d at 778 . The court must balance the individual intrusion against the government's interests and should consider the severity of the crime, the immediacy of the threat the perpetrator poses on the public, and whether the perpetrator is evading arrest. *Id.*

In the instant action, Jackson has included sufficient allegations in his amended complaint to at least state a claim for excessive force. We are not making a finding that Jackson has provided any evidence to support his excessive force allegations. We are merely ruling that, at this initial stage of the pleadings, Jackson has provided sufficient facts to proceed onward past the pleadings stage. Jackson alleges in his amended complaint that he told Gavin that he had nothing in his mouth and Gavin responded in turn by grabbing "Jackson around the throat" and commencing "a forcible finger search into Jackson's mouth cavity," and forcibly slammed "Jackson down upon the street pavement" while placing him under arrest. (AC Par. 12, 13, 14). Furthermore, Jackson alleges that as a result of Gavin's and O'Dekirk's conduct, Jackson was injured "including severe injuries to his jaw, face and knee, contusions, scars, and nerve damage to his hands and wrists" and received

"severe ligament and other damages to his knees and back from being slammed down upon the street pavement." (AC Par. 33). Defendants may be able to produce contrary evidence or introduce additional facts that shows that the Defendant Officers did not use excessive force, but such evidence and facts are beyond the scope of a motion to dismiss. Therefore, Jackson has provided sufficient allegations to state an excessive force claim and we deny Defendants' motion to dismiss the excessive force claim.

## IV. Fourth Amendment Claim (Count III)

Defendants argue that Jackson has not sufficiently plead facts for a Fourth Amendment claim. Defendants argue, for example, that Jackson has not alleged sufficient facts to show that the Defendant Officers lacked probable cause. However, Defendants' arguments in this regard are premature at the pleadings stage. Whether or not Jackson will be able to produce sufficient evidence to negate the Defendant Officers' assertion that they had probable cause cannot be addressed at the motion to dismiss stage. Jackson alleges in his amended complaint that he told the officers that he did not have anything in his mouth and that they then commenced the search of his mouth and the arrest. Defendants may disagree with Jackson's version of the events on June 18, 2001, or may wish to add additional facts, but at this stage of the proceedings we are required to accept as true Jackson's

version of the events and rule based upon the allegations in the complaint. Therefore, we deny Defendants' motion to dismiss the Fourth Amendment claim (Count III).

V. Section 1983 and Section 195 Conspiracy Claims (Counts IV and V)

Defendants move to dismiss the Section 1983 and Section 1985 conspiracy claims (Counts IV and V). Defendants argue that Jackson has failed to allege certain elements of a conspiracy such as that there was an agreement between Gavin and O'Dekirk. An agreement can clearly be inferred from the allegations in the amended complaint and regardless, Defendants' argument is premature because, under the federal notice pleading standard, a plaintiff is not required to plead facts that match up with each element of a cause of action. *Sanjuan*, 40 F.3d at 251. The Seventh Circuit has stated unequivocally that " there is no requirement in federal suits of pleading the facts or the elements of a claim. . . [and that] it is enough in pleading a conspiracy merely to indicate the parties, general purpose, and approximate date, so that the defendant has notice of what he is charged with." *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). Jackson alleges in his complaint that Gavin and O'Dekirk engaged in the alleged wrongful conduct during the arrest of Jackson on June 18, 2001 and that thereafter Gavin and O'Dekirk conspired to falsely report that Jackson had resisted arrest and had bitten O'Dekirk in order to punish Jackson for

complaining about his treatment during the arrest. (AC Par. 45). Such allegations are sufficient to state a Section 1983 conspiracy claim and we deny Defendants' motion to dismiss the Section 1983 conspiracy claim (Count IV). Defendants also argue that Jackson has failed to allege facts to match up with all of the elements of a Section 1985 conspiracy claim and, for the same reasons explained above, Defendants' arguments in regards to the Section 1985 conspiracy claim are premature as well. Therefore, we also deny Defendants' motion to dismiss the Section 1985 conspiracy claim (Count V).

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' motion to dismiss the state law claims in the amended complaint (Counts VI, VII, VIII, and IX). We grant Defendants' motion to dismiss the municipal liability claim (Count I). We deny

Defendants' motion to dismiss the excessive force claim (Count II), the Fourth Amendment claim (Count III), the Section 1983 conspiracy claim (Count IV), and the Section 1985 conspiracy claim (Count V).

Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 19, 2005