# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHARLES R. JACKSON, | ) |
| Plaintiff, | ) |
| v. | ) No. 03 C 4088 |
| CITY OF JOLIET, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Charles R. Jackson's ("Jackson") motion for reconsideration of this court's order entered on January 3, 2006. For the reasons stated below, we deny the motion for reconsideration.

## BACKGROUND

During the evening of June 18, 2001, Defendant Officers Darrell Gavin ("Gavin") and Robert O'Dekirk ("O'Dekirk") allegedly approached Jackson while he was in his car. Gavin and O'Dekirk allegedly eventually subdued and arrested Jackson. Jackson brought the instant action based upon the events surrounding the

1

arrest and Jackson alleged that Defendants violated his constitutional rights. On January 3, 2006, we granted Defendants' motion for summary judgment on all remaining claims. Jackson now requests that the court reconsider that ruling in his motion for reconsideration and supplement to the motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") permits parties to file, within ten days of the entry of a judgment, a motion to alter or amend the judgment. Fed. R. Civ. P. 59(e). Rule 59(e) motions do not give a party the opportunity to rehash old arguments or to present new arguments or evidence "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.,* 91 F.3d 872, 876 (7th Cir. 1996)(citing *LB Credit Corp. v. Resolution Trust Corp.,* 49 F.3d 1263, 1267 (7th Cir. 1995)). Rather, for a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" in order to be successful. *LB Credit Corp.,* 49 F.3d at 1267 (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)). The decision of whether to grant or deny a motion brought pursuant to Rule 59(e) "is entrusted to the sound judgment of the district court . . . ." *In re Prince,* 85 F.3d 314, 324 (7th Cir. 1996).

2

**DISCUSSION**

I. Arguments that Could Have Been Presented and Were Already Presented

In the instant motion to reconsider and supplement, Jackson continues to rehash the same arguments that he has repeatedly presented to this court on prior occasions. Jackson asserts, for example, that he "again presents this court with his position for summary judgment." (Mot. Recon. 9). However, a motion for reconsideration cannot be used as vehicle to make the same arguments with the court, in the hopes that the court will change its opinion. Also, Jackson has not pursued any novel arguments that would alter the court's earlier opinion, and he fails to show why the arguments were not presented to the court prior to the court's ruling on January 3, 2006. Thus, we deny the motion for reconsideration because Jackson seeks to present arguments that either were already presented to the court or could have previously been presented to the court.

II. Merits of Reconsideration Arguments

None of the arguments presented in Jackson's motion for reconsideration or the supplement have any merit. For example, Jackson claims that he made mistakes in preparing his response to Defendants' statement of material facts and that the court should allow Jackson to file an amended response. However, a motion for

reconsideration cannot be employed by a party as a way to simply undo his own mistakes and lack of diligence. As we indicated in our prior ruling, "a district court is entitled to expect strict compliance with Rule 56.1" and that "[s]ubstantial compliance is not strict compliance." *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004).

Jackson also argues that "[u]pon a thorough review and evaluation of" certain sworn testimony, the court will change its decision. (Mot. Recon. 10). However, the court already thoroughly reviewed all the materials submitted by the parties before making its prior ruling and Jackson has not shown that any of the court's conclusions were erroneous. Jackson also argues that there are legitimately-disputed material facts that preclude a finding in Defendants' favor as a matter of law. We disagree for the reasons explained in our prior decision. The undisputed facts in this action formed a valid basis for granting Defendants' motion for summary judgment. Jackson also asks the court to take judicial notice of the fact that the state court judge who heard the criminal case against Jackson did not grant the state's motion to revoke probation and the prosecutor withdrew the aggravated battery charge. However, Jackson's argument does not alter our earlier ruling since we reviewed all of the evidence relating to such facts and considered all pertinent facts when arriving at our prior ruling. Jackson also requests that the court enter sanctions against Defendants for allegedly presenting police reports containing false information to the court. However, Jackson has failed to show that Defendants engaged in wrongful

4

conduct or that sanctions are justified.

Jackson also argues that he is now pursuing a First Amendment claim. However, Jackson's analysis of his claim does not alter any of the court's prior ruling. Jackson also makes various general allegations against Defendants, such as that they were evasive during their testimony in this case, but such accusations are without substance and do not show that our prior ruling was erroneous. Jackson also claims that the court "intentionally neglected to mention" evidence and failed to make an effort to review certain evidence, such as events that occurred before the Grand Jury. (Supp. 7). Jackson claim is entirely without merit. As our prior ruling illustrates, the court thoroughly reviewed and considered all evidence in the record before rendering its prior decision. Simply because the court did not make specific references to every piece of evidence does not mean that the court was not aware of and did not consider such evidence. Finally, Jackson devotes a substantial portion of his briefs to nothing more than expressing his personal displeasure at the court's prior ruling. Such displeasure is not a proper basis for the court to vacate its prior ruling. Therefore, we also deny the motion for reconsideration because none of the arguments presented in the motion or the supplement are meritorious.

III. Supplement and Page Limitations

Jackson has presented a vast array of arguments to the court in his motion and the supplement to the motion. Jackson was able to present such extensive amount of

5

arguments because Jackson's motion for reconsideration is seventeen pages long and the supplement to his motion is seventeen pages long. In addition, Jackson's reply brief is eighteen pages long. All such briefs are limited to fifteen pages by Local Rule 7.1. This means that, under the rule, Jackson was only allowed to file a fifteen-page brief in support of his motion for reconsideration and a fifteen page reply brief, totaling thirty pages. Instead, Jackson has filed over fifty-two pages of briefs in regard to the instant motion. Jackson has not sought leave from the court to file a supplement to his motion for reconsideration or leave to exceed the page limits on any of his briefs. We also note that despite Jackson's failure to comply with the page limits, Defendants' answer to the motion for reconsideration was within the fifteen-page limitation. Therefore, we also deny Jackson's motion for reconsideration on the basis that he substantially failed to comply with the page restrictions and did not seek leave to file a supplemental brief.

## CONCLUSION

Based on the foregoing analysis, we deny Jackson's motion for reconsideration.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 15, 2006